IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 07-00226-KD |
| | ) |
| LAVOID MACIO KENT, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss the indictment (doc. 11) and the United States' response in the form of a motion in limine (doc. 15).[1] A hearing was held on September 18, 2007. Upon consideration defendant's motion to dismiss the indictment is **DENIED**.

Defendant was indicted for one count of "having traveled in interstate and foreign commerce, [he] knowingly failed to register and update registration as required by the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901, . . . [i]n violation of 18 U.S.C. § 2250(a) (doc. 5).[2] He moves to dismiss the indictment on basis that the application of § 2250 violates the Ex Post Facto Clause of the United States Constitution because the statute increased the maximum penalty for failing to register from one year under the Wetterling Act[3] to

---

[1] The motion in limine will be taken to trial.

[2] The indictment charges that defendant was convicted under the law of Alabama for the offense of Sexual Abuse in the First Degree in the Circuit Court of Mobile County, Alabama in September 1999. The Government states that defendant was convicted of the offense of Carnal Knowledge in Louisiana in1989.

[3] The Wetterling Crimes Against Children and Sexually Violent Offender Registration Act was passed in 1994. Pub. L. No. 103-322. Under the Wetterling Act certain sex offenders are required to register their addresses with state law enforcement for a minimum period of ten years after release from prison. 42 U.S.C. § 14071(b)(6).

ten years under SORNA and because any alleged travel in interstate commerce occurred prior to the effective date of § 2250 on July 27, 2006.[4]  Defendant also argues that the indictment should be dismissed because prosecution under § 2250 violates his Due Process rights under the Fifth Amendment of the United States Constitution since he did not have notice of the statute and an opportunity for a hearing.

On July 27, 2006, Congress enacted the Sex Offender Registration and Notification Act "SORNA". Pub. L. No. 109-248.  The registration requirements for SORNA are set forth in 42 U.S.C. § 16913.  Pursuant to SORNA, a sex offender who is required to register under the Act and who travels in interstate commerce may be imprisoned for not more than ten years if such person knowingly fails to register or update his or her registration as required by the Act. 18 U.S.C. § 2250(a).[5]

---

[4] In the defendant's reply he raises additional grounds for relief including that the actual effective date is February 28, 2007, i.e. the date the Attorney General issued an interim rule, pursuant to 42 U.S.C. § 16913(d), making registration retroactive.  The court has not considered the grounds for relief in the reply because they are untimely.

[5] Section 2250(a) provides, in full:

(a) In general.-Whoever-

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

The defendant argues that SORNA is unconstitutional because due process requires that he be given notice of the SORNA registration requirements and a hearing. This argument is without merit. In U.S. v. Roberts, 2007 WL 2155750 (W.D. Va., 2007), the court correctly held that a defendant's claim that he was denied due process because he received no notification of SORNA's requirements "amounts to a claim that ignorance of the law excuses non-compliance." Id. at *2. The court further stated, that "this proposition [] is at odds with centuries of Anglo-American jurisprudence. Few offenders have ever had relevant sections of the U.S. Code read to them before committing their crimes, yet they are expected to comply with it even so." Id. Also the court agrees with the Government that the defendant had sufficient notice that failing to register was illegal, in that defendant was counseled on at least two occasions of his duty to renew his registration and to provide a change of address prior to moving.

The defendant also asserts that the charge against him is unconstitutional because it is an Ex Post Facto application of the law. The Government disagrees and in support relies on Smith v. Doe, 538 U.S. 84 (2003), as well as other district court cases that relied on Smith v. Doe for their conclusion that a prosecution under SORNA was not a violation of the Ex Post Facto Clause. In Smith v. Doe, the Supreme Court held that the Alaska Sex Offender Registration Act which requires convicted sex offenders to register with law enforcement authorities was not retroactive punishment prohibited by the Ex Post Facto Clause. The Court explained that to determine whether the registration requirement violates the Ex Post Facto Clause you must look to the intent of the legislature. "If the intention of the legislature was to impose punishment, that

---

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

3

ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive" then the court must inquire further. Id. at 92. Smith v. Doe supports the position that the SORNA registration requirements are not a violation of the Ex Post Facto Clause. However, that is not the issue in this case. The question at issue is whether the prosecution for failing to register under 18 U.S.C. § 2250, as applied to this defendant, is a violation of the Ex Post Facto Clause.

First, it is obvious that 18 U.S.C. § 2250 was meant to be punitive, hence the possible ten year sentence. Therefore 18 U.S.C. § 2250 is subject to an ex post facto analysis. "The ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver v. Graham, 450 U.S. 24, 28 (1981), quoting Cummings v. Missouri, 4 Wall. 277, 325-326, 18 L.Ed. 356 (1867). The Supreme Court explained "that two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver, 450 U.S. at 29. Section 2250 punishes a defendant who is required to register and fails to do so. However, more is required than simply failing to register. In an apparent effort to establish federal jurisdiction over a sex offender that failed to register as required, Congress also provided as an element of the offense that the defendant "travels" in interstate commerce and then fails to register as required. 18 U.S.C. § 2250(a)(2)(B). The act of traveling in interstate commerce and then failing to register as required became subject to prosecution no earlier than July 27, 2006, i.e. the effective date of 18 U.S.C. § 2250. Accordingly, in order to avoid the prohibition of retroactive punishment the

defendant must travel in interstate commerce and fail to register after 18 U.S.C. § 2250 became effective.

The defendant argues that there are no facts to support that he traveled in interstate commerce after July 27, 2006.  The Government declined to respond to the factual argument, instead it relied on the legal argument that the Ex Post Facto Clause was not implicated.  Therefore, at this time the court has no factual basis to determine whether the indictment is an ex post facto violation as applied to this defendant.[6]

Accordingly, upon consideration of the pleadings and argument, defendant's motion to dismiss the indictment is DENIED.

**DONE** and **ORDERED** this the 20th day of September, 2007.

                                        **s / Kristi K. DuBose**
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**

---

[6] The court attempted to resolve the ex post facto issue by way of proffer.  The Government refused the court's request for a proffer on the issue, citing the need to preserve its right not to present evidence prematurely and counseling the court that there is no summary judgment proceeding in a criminal case.  This position was somewhat perplexing.  The court clearly indicated at the hearing that it believes that in order to avoid an ex post facto violation the Government will have to prove that the defendant traveled in interstate commerce after the enactment of the 18 U.S.C. § 2250.  By providing a proffer, the issue could have been decided and the Government would have had an opportunity to appeal any adverse ruling.  However, by insisting that it will only present its evidence at trial, the Government's case will now be subject to a motion for acquittal at the close of the Government's evidence.  If the Government  is unable to establish that the defendant traveled in interstate commerce after the enactment of 18 U.S.C. § 2250, an acquittal would appear to be the proper manner to address the issue.  See U.S. v. Bateman, 805 F. Supp.1053, 1056 (D.N.H. 1992). ("Of course, if the defendant did not possess the child pornography as alleged after the enactment of the 1990 amendments criminalizing possession, the defendant cannot be convicted without violating the Ex Post Facto Clause.  If at the conclusion of the Government's case in chief the evidence seen in the light most favorable to the Government fails to show that the elements of the offense are present, the defendant may be entitled to a judgment of acquittal. Fed.R.Crim.P. 29.")